UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
RANDALL REISS and GARY REISS,                :   **ECF CASE**

               04 Civ. 0267 (WCC)

            Plaintiffs,    :

     - against -                              :   **MEMORANDUM
                                                                                                              AND ORDER**

THE CITY OF YONKERS, YONKERS POLICE     :
DEP'T, and HERIBERTO ANDUJAR, Police
Officer, *Individually and in his*      :
*capacity as a Yonkers Police Officer*,
                                                       :

            Defendants.   :
- - - - - - - - - - - - - - - - - - - X

**CONNER, Senior D.J.:**

       By letter dated April 29, 2005, defendants requested that this Court dismiss all claims brought by plaintiff Gary Reiss for lack of subject matter jurisdiction. Defendants requested that the Court address this issue prior to the trial to ensure that only proper claims are presented to the jury. We decided to treat this letter as an informal motion and invited plaintiffs to present arguments in opposition thereto. For the reasons set forth below, defendants' motion to dismiss the claims brought by Gary Reiss is hereby granted.

       This case arises out of a confrontation between defendant Heriberto Andujar and plaintiff Randall Reiss which resulted in Randall's arrest and prosecution. The Complaint alleges that Andujar, a police officer who was off-duty at the time of the altercation, beat and unlawfully arrested Randall Reiss and threatened Gary Reiss. (Complt. ¶ 2.) We note that Gary Reiss was never arrested and the Complaint does not allege that Andujar used

force against him.  Rather, the Complaint alleges that Gary Reiss witnessed Andujar beating his son and that Andujar threatened Gary Reiss with arrest and personal harm if he tried to intervene to assist Randall, all of which resulted in severe emotional distress. (*Id*. ¶¶ 2, 25, 51, 59, 60.)

Defendants contend that although plaintiffs allege that Gary Reiss's civil rights were violated on the basis of the above-mentioned allegations, such a claim has no basis in law. Defendants maintain that Gary Reiss cannot make out a claim of illegal seizure or excessive force because he was never arrested or placed in police custody, nor was he physically assaulted by Andujar.

It is well settled that a claim for false arrest under section 1983 is substantially the same as a claim for false arrest under New York law.  *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).  However, the common law tort of false arrest is not available under section 1983 unless the arrest and subsequent detention violated the Constitution or a federal statute.  *Cook v. Sheldon*, 41 F.3d 73, 77 (2d Cir. 1994); *see also Easton v. Sundram*, 947 F.2d 1011, 1016 (2d Cir. 1991) (noting that state law tort does not always rise to level of constitutional violation). Nevertheless, to establish a claim of false arrest under either New York law or § 1983, a plaintiff must demonstrate that (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent

to the confinement; and (4) the confinement was not otherwise privileged. *See Singer*, 63 F.3d at 118 (citing *Broughton v. New York*, 37 N.Y.2d 451, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87, 93 (1975)). Thus, in order to maintain a claim for false arrest or false imprisonment, a plaintiff must allege that he was actually confined or seized. *See Fernandez v. City of New York*, No. 02 Civ. 8195, 2003 WL 21756140, at *5 (S.D.N.Y. July 29, 2003) (citations omitted).

Defendants maintain that Gary Reiss cannot sustain a claim for false arrest or imprisonment because he was never restrained by Andujar physically or otherwise. However, plaintiffs maintain that Gary Reiss's Fourth Amendment rights were violated because he was subjected to an unreasonable seizure. "To determine whether a 'seizure' has occurred triggering the Fourth Amendment's protections, a court must consider 'if, in view of all of the circumstances surrounding the [encounter], a reasonable person would have believed that he [or she] was not free to leave.'" *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir. 1992) (quotations omitted). There is case law in this Circuit suggesting that a threat to arrest, in the appropriate circumstances, may constitute a "seizure" within the meaning of the Fourth Amendment. *See, e.g., Bennett v. Town of Riverhead*, 940 F. Supp. 481, 487 (E.D.N.Y. 1996). In *Bennett*, the court determined that the threat of arrest may constitute a "seizure" for purposes of the Fourth Amendment, relying on the Supreme Court's decision in *Florida v. Bostick*, 501 U.S. 429 (1991), wherein the Court held that "'[t]he

crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'" *Bennett*, 940 F. Supp. at 487-88 (quoting *Bostick*, 501 U.S. at 437 (quotations omitted)). The plaintiff in *Bennett* was told by the police officer, while in her own home, that if she did not comply with his request, she would be arrested. *Bennett*, 940 F. Supp. at 488. In addition, the Second Circuit has instructed that in determining whether a seizure has occurred and whether a reasonable person would view it as such, the following factors are relevant: "the threatening presence of several officers; the display of a weapon; the physical touching of the person by the officer; language or tone indicating that compliance with the officer was compulsory; prolonged retention of a person's personal effects . . . and a request by the officer to accompany him to the police station or a police room." *Glover*, 957 F.2d at 1008 (citations omitted).

None of those factors is present here. Consequently, even if plaintiffs' account of the altercation is true, Andujar's conduct could not be perceived as creating a situation where Gary Reiss reasonably believed he was not free to leave. Just the contrary, Andujar made it clear that he wanted Gary Reiss to leave and "go about his business" elsewhere. What bound Gary Reiss to the scene of the incident was an interest in protecting his son, not a police-generated impression that he was not free to leave.

Thus, as a matter of law, Gary Reiss was not subjected to a seizure in violation of his constitutional rights.[1]

Moreover, defendants contend that Gary Reiss's excessive force claims should be dismissed as well on the basis that no physical force was used at any time against him. Plaintiffs concede that Gary Reiss cannot maintain an excessive force claim in violation of the Fourth Amendment. Accordingly, that claim is dismissed.

For the foregoing reasons, defendants' motion is granted and all of the claims of plaintiff Gary Reiss are hereby dismissed with prejudice.

**SO ORDERED.**

Dated:    White Plains, New York
            May 9, 2005

                                            WILLIAM C. CONNER, Sr. U.S.D.J.

---

[1] We note that "[t]he law is . . . clear that whether a seizure has occurred–that is, whether a reasonable person would have felt free to leave–is a question of law for the court." *Brown v. City of Oneonta, New York*, 235 F.3d 769, 776 n.2 (2d Cir. 2000).